UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN ROOTHSCHEL SAINT JUSTE,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-06792-DAD-SCR<br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT</u><br>(Doc. Nos. 1, 2) |

On August 25, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2.) On August 25, 2026, the court set a briefing schedule on the pending TRO motion and directed respondent to indicate in its opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 3.) The court also directed that if respondent opposed the court ruling on the underlying habeas petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*) On August 27, 2026, respondent filed a response to the pending TRO motion and expressed that it does not contest the court ruling on petitioner's habeas

/////

petition at this time (Doc. No. 6 at 3), and the court will do so. In respondent's opposition it is argued that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b). (Doc. No. 6 at 2–3).

Based on the parties' filings, the facts of this case are these. Petitioner is a citizen of Haiti. (Doc. No. 6-1 at 2–3.) Petitioner arrived at John F. Kennedy International Airport in New York on November 24, 2023. (*Id.* at 3.) He was then paroled by immigration authorities into the United States via the Haitian Humanitarian Parole program ("HHP"). (*Id.*) Petitioner states that he then obtained work authorization. (Doc. No. 1 at 9.) Respondent attaches petitioner's I-213 form which states that petitioner's HHP expired in November 2025. (Doc. No. 6-1 at 3.) On or about February 26, 2026, petitioner encountered local law enforcement in Florida and was then placed into immigration custody where he remains. (*Id.*)

Under the HHP, petitioner's parole into the United States was pursuant 8 U.S.C. § 1182(d)(5) in light of the agency action that that created HHP for Haitian nationals. *See* 88 Fed. Reg. 1243 (Jan. 9, 2023); *see also E.V. v. Raycraft,* No. 4:25-cv-02069, 2025 WL 2938594, at *2–3 (N.D. Ohio Oct. 16, 2025) (citing to § 1182(d)(5) as the basis for parole of citizens under the humanitarian parole programs such as the HHP). Given these circumstances, petitioner thereby acquired a liberty interest in his continued release and became entitled to certain due process protections in the form of notice and a pre-detention hearing before that liberty interest was revoked by immigration authorities. *See Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025); *see also Montesino v. Mullin*, No. 26-cv-02211-AS, 2026 WL 1370143, at *3–4 (C.D. Cal. May 13, 2026) (reaching a similar conclusion in the case of a petitioner who was paroled into the United States pursuant to § 1182(d)(5) in accordance with the Cuban Humanitarian Parole program).

Here, petitioner was re-detained by the government after residing in the United States for over two years on parole, and he has remained in immigration custody since February 2026, without apparently receiving notice or a pre-deprivation hearing before an immigration judge prior to his current immigration detention. Accordingly, the court concludes that petitioner's detention violates due process and that his release from immigration detention is the proper remedy. *See Patrick v. LaRose*, No. 26-cv-04670-JAO-BJW, 2026 WL 2574361, at *3–4 (S.D.

Cal. Aug. 31, 2026) (ordering immediate release of petitioner who had previously been paroled under the HHP and was not given notice or a pre-deprivation hearing prior to his re-detention).

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jean Roothschel Saint Juste, A-File No. 233-635-277, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention on or about February 26, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting of his habeas petition;
3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE